IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JEFFERY DAVIS,** **PLAINTIFF**

**V.** **NO. 4:07CV104-P-B**

**MILTON GASTON, PERCY MILES,**
**BILLY BARBAR & JIMMY BRANNING,** **DEFENDANTS**

## REPORT AND RECOMMENDATION

On November 13, 2007, the *pro se* plaintiff, Jeffery Davis, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges plaintiff was arrested on an outstanding warrant for the sale of cocaine on March 23, 2006. The Complaint further alleges plaintiff was indicted and remained imprisoned for six months. According to the Complaint, the charge was eventually dismissed by a judge.

At the *Spears* hearing, plaintiff testified that he was arrested during a routine traffic stop after an officer ran his information and determined there was an outstanding warrant for his arrest. Plaintiff said he was indicted for the sale of crack, but that the indictment was dismissed short of trial by the order of a judge on June 30, 2006. Plaintiff testified that despite dismissal of the indictment, he remained detained at the Washington County Jail. Plaintiff said when he

asked Sheriff Milton Gaston why he remained detained, Gaston could not tell him. Plaintiff said he was not released from confinement until September 27, 2006. Plaintiff is currently confined at the Lafayette County Detention Center pursuant to a federal indictment on a separate gun charge for which he was arrested on May 10, 2007.

Based on the foregoing, Plaintiff has failed to allege any wrongdoing on the parts of Defendants Percy Miles, Billy Barbar and Jimmy Branning. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). As such, it is recommended that these defendants be dismissed from this action.

As regards plaintiff's claims against Sheriff Gaston, however, the undersigned is of the opinion that plaintiff has stated a constitutional claim to the extent that it is based on substantive due process. Because plaintiff has alleged that Sheriff Gaston detained him in custody despite knowledge that the indictment against him had been dismissed, it is recommended that only plaintiff's substantive due process claim be allowed to proceed. *See Martin v. Dallas County, Tex.*, 822 F. 2d 553, 555 (5th Cir. 1987). *See also Erickson v. Smith County, Tex.*, No. 6:07cv135, 2007 WL 2907823, at *9 (E.D. Tex. Oct. 1, 2007).

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 16th day of November, 2007.


                                                         **/s/   Eugene M. Bogen**
                                                         **UNITED STATES MAGISTRATE JUDGE**